UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DARRIUS L. HIGGINS, SR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:25-cv-142-TRM-MJD |
|  | ) |  |
| TIM DEMPSEY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

| DARRIUS L. HIGGINS, SR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:25-mc-25-TRM-MJD |
|  | ) |  |
| LIZ LUPTON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Plaintiff Darrius Higgins ("Plaintiff") filed the above-styled cases pro se and without prepayment of fees. In Case No. 1:25-cv-142, he filed a complaint, amended complaint, and supplements [Doc. 2; Doc. 9; Doc. 10; Doc. 11], as well as an application to proceed *in forma pauperis* ("IFP") [Doc. 1], and a Motion for Mediation [Doc. 7]. In Case No. 1:25-mc-25, he filed only a complaint [Doc. 1].[1] These cases are related to two earlier-filed cases, Nos. 1:24-cv-297 and No. 1:24-cv-377, both of which were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

---

[1] On May 23, 2025, the Clerk issued a notice informing Plaintiff that Case No. -25 would be administratively closed if he failed to either pay the filing fee or file a proper IFP application within 20 days [Doc. 2]. The 20-day deadline has not yet passed; however, the Court finds it is unnecessary to delay addressing Case No. -25. Regardless of whether Plaintiff pays the filing fee or files a proper IFP application before the 20-day deadline, Case No. -25 should be dismissed.

As stated below, the Court will recommend the current cases (Nos. -142 and -25), likewise be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), and that the pending motions be denied as moot. The Court will also recommend Plaintiff be enjoined from making further filings in this Court without obtaining prior approval, consistent with the Court's prior, explicit warning in Case No. -377, Docket No. 12 ("Because Mr. Higgins has displayed the beginnings of a pattern of vexatious filings, he is hereby put **ON NOTICE** that further vexatious filings resembling those in this litigation and Case No. 1:24-cv-297 will result in a permanent injunction prohibiting him from filing any petition or complaint without first seeking and receiving approval by the Court.").

I.      STANDARDS

A plaintiff may commence a civil action in federal court without prepaying the administrative costs of the suit if the plaintiff demonstrates he is financially unable to do so. 28 U.S.C. § 1915(a). However, a district court is required to dismiss the civil action, or portion thereof, if the court determines the complaint is frivolous or fails to state a claim upon which relief can be granted, or if the IFP plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). But it must contain more than mere "labels and conclusions, . . . a

2

formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

## II. ANALYSIS

Plaintiff's current cases (Nos. -142 and -25) are nothing more than a continuation of his prior frivolous claims. In the prior cases (Nos. -297 and -377), Plaintiff attempted to sue two entire families (the Luptons and the Davenports) without identifying any particular members of the families as defendants. He made vague allegations that his property and money had been stolen and that he had been "threatened, assaulted, belittled, stolen properties, lied to about receiving my

3

checks in the mail." [*See* Case No. -377, Doc. 8 at Page ID # 26[2]]. He further alleged he was being subjected to mind control and surveilled in the bathroom and bedroom, claiming, "This is a matter the world knows about," but that, "No one has helped me in years." [*See id.*]. At times, he characterized the actions taken against him as a "crime of birthright" and claimed he was entitled to a return of "Birthright Funds." [*See* Case No. -297, Doc. 11 at Page ID # 40].

Plaintiff's claims in the current cases are strikingly similar, in terms of their substance and lack of coherence. For example, in Case No. -25, Plaintiff alleges[3]:

> Plots to steal my money, Birthright value at 10 trillion a year. It is ten families . . . who supposedly found a satellite that traces back to another plant. Chat, TN is the city where the game cube is. I have been shot in the head, throw feces all on my clothes. They keep on lying about my money. I had checks put in my name 225 times with Darrius Higgins, Sr., written on checks. I need help. No one will help.

[Case No. -25, Doc. 1 at Page ID # 2]. As defendants, he names Liz Lupton, Keesha Barnes, and Keesha Marshall, but he does not allege any particular defendant is responsible for any particular alleged conduct.

In Case No. -142, Plaintiff alleges Timothy Dempsey (who was named as a defendant in each of the two prior cases), Wuzell Jenkins, and Troy Roger "All conspired to steal my birthright and projector money. They also stole cans that was donated to me. They also notified me of a plot they had against me, my son. These parties was warned." [Case No. -142, Doc. 10 at Page ID # 36]. In what appears to be a supplement to his amended complaint in Case No. -142, he alleges:

---

[2] *See also* Case No. -297, Doc. 11 at Page ID # 40 (explaining that Plaintiff's stated basis for federal jurisdiction was: "Threaten, hassle, kidnapped, plotted-on, grand-kid been raped, fraud, stolen masonic brotherhood money. Several families has violated. Tried to poison me, stalking, death plotted.").

[3] For the sake of readability, the Court has made minor, non-substantive changes and corrections to Plaintiff's spelling and punctuation without the use of brackets.

4

> I have begged & pleaded with several people about stealing money from my account. I have a game cube account. I just came aware of how several people have been plotting in an ongoing conspiracy to keep me from getting my money. They all say the Lupton Family is the ones giving them the check. I have been speaking to Lizzy Lupton. I think they all lie, steal, threaten, and go on tape to say I been stealing the checks. Here is one more name I came aware of, Troy Roger, Anthony Bird, Bren, which is the renter of some of the Lupton Property. I made a deal with Tim Dempsey on my winnings which they all agreed to if I let them have $100,000,000,000 trillion. . . . I would like to receive my property cause they are still spending from my accounts. . . . They disrespect my family name . . . they won't stop. 8 years of torment, stalking and plotting on my birthright.

[Case No. -142, Doc. 11 at Page ID # 40].

It is unnecessary to describe or quote any further examples of Plaintiff's allegations. The Court has reviewed all of the filings from the current cases in their entirety. They are all as equally frivolous and incoherent as those listed above. Even when liberally construed, none comes close to stating a proper claim over which this Court has jurisdiction.

Significant public resources have already been wasted addressing Plaintiff's lawsuits. Given his documented history of frivolous and duplicative filings, and his history of failing to comply with applicable law and court procedures, the Court has determined it is appropriate to recommend that Plaintiff be enjoined from making further filings in this Court without obtaining prior approval. In making this determination, the Court finds that no other means of addressing Plaintiff's conduct would be adequate to prevent Plaintiff from wasting even more public resources. Indeed, the prior warning in Case No. -377 [Doc. 12] had no deterrent effect.

### III.     CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS**[4] Case Nos. 1:25-cv-142 and 1:25-mc-25 be **DISMISSED**. The motions pending in Case No. 1:25-cv-142 [Doc. 1; Doc. 7] should be **DENIED AS MOOT**.

The Court additionally **RECOMMENDS** Plaintiff be permanently enjoined from making further filings in this Court without obtaining prior approval. This matter is to be presented to Chief District Judge Travis R. McDonough, the presiding district court judge in this matter, under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), and pursuant to the Court's policy regarding the process for seeking to have a litigant declared vexatious.

Plaintiff is **NOTIFIED** the Court will not consider any other kind of motion for relief until after this report and recommendation has been addressed by Chief Judge McDonough and the screening process under § 1915(e) is complete. Any such motions (for example, attempting to amend or further amend or supplement his complaints) are subject to being summarily denied.

Finally, it appears Plaintiff's address of record in Case No. -25 is incorrect. Plaintiff is **ORDERED** to provide written notice to the Clerk of his current address within **FOURTEEN DAYS**, as required by Local Rule 83.13. In the meantime, the Clerk is respectfully directed to send

---

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

this report and recommendation to the following addresses: (1) P.O. Box 80011, Chattanooga, TN, 37414; and (2) 727 East 11th Street, Chattanooga, TN, 37403.[5]

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[5] The record reflects mail sent to Plaintiff at the 727 East 11th Street address, in March 2025, was not returned as undeliverable. [*See* Case No. -377, Doc. 12].